**FUIFATU SEFO PATAU, Plaintiff**

**v.**

**DONALD F. HILDRE; LUIS CASILLAS-ROBLES; KENNEDY, CROCKETT, DOUGHERTY & HILDRE, Attorneys at Law; and WILLIAM H. REARDON, ETC., Defendants**

High Court of American Samoa
Trial Division

CA No. 50-94

October 12, 1994

Before KRUSE, Chief Justice, TAUANU`U, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff Fuifatu Sefo Patau, Togiola T. A. Tulafono
 For Defendant William H. Reardon, Barry I. Rose
 For other named Defendants, Cheryl A. Crenwelge

Order Granting Motion for Summary Judgment:

On March 21, 1987, plaintiff Fuifatu Sefo Patau suffered an amputated forearm while working as an employee of Samoa Packing Company. In June of that same year, plaintiff filed a workmen's compensation claim and retained defendants Donald F. Hildre, Luis Casillas-Robles, and Kennedy Crockett Dougherty & Hildre, Attorneys at Law, (hereafter the "Firm") who negotiated and settled plaintiff's workmen's compensation claim. On November 22, 1988, the Firm contacted defendant William H. Reardon regarding representation of plaintiff. Reardon accordingly filed suit on behalf of plaintiff in this Court on March 22, 1989, two years and one day following plaintiff's injury. We held that the action was barred by a two-year statute of limitations, A.S.C.A. § 43.0120(2), and summarily dismissed on May 13, 1991. *See Patau v. Rosendahl Corp.*, 19 A.S.R.2d 80 (Trial Div. 1991). The dismissal was upheld on appeal

7

on March 13, 1992. *See Patau v. Rosendahl Corp.*, 20 A.S.R.2d 77 (App. Div. 1992). On March 14, 1994, two years and one day following the decision of the Appellate Division, plaintiff filed an action in this Court, claiming professional negligence by defendants for failure to file his claim within the prescribed limitations period.

The defendants here move for summary judgment arguing that plaintiff's claim against each of them is also time barred. We are, ironically, presented with the question of whether plaintiff's filing of the malpractice claim is, itself, within the applicable prescribed limitation period. For reasons given, we conclude that it is not.

The threshold issue is whether the applicable limitations period is two years or three years. With respect to legal malpractice, this is a case of first impression in the territory. The American Samoa Code Annotated makes no explicit reference to a limitations period for legal malpractice claims. We must, therefore, determine which broad category the present case falls under, and apply the appropriate limitations period.

It is possible to argue, as the plaintiff does, that the relationship between attorney and client is an unwritten contract, that professional negligence is a breach of that contract, and thus to apply A.S.C.A. § 43.0210(3), which provides:

> (3) actions founded on unwritten contracts, or brought for injuries to property, within 3 years.

It is also possible to view a professional negligence claim as a personal injury matter, placing it squarely within the meaning of A.S.C.A. § 43.0210(2). The present case, however, does not require a judgment about the legal theory underlying professional malpractice actions. Since the lawsuit underlying the malpractice claim rested on an injury to the person, the two-year limitations period is, in our view, applicable regardless of whether a tort or a contract theory is used to characterize malpractice. A.S.C.A. § 43.0210 provides in relevant part:

> Actions may be brought within the following times after their causes accrue, and not afterward, except as otherwise especially declared:
>
> . . . (2) actions founded on injuries to the person . . . including injuries to relative rights, *whether based on contract or tort . . . within 2 years.*

8

(emphasis added). The right to recover damages for a personal injury is a right which is "relative" to the personal injury. Professional negligence that undermines the right to recover personal injury damages is, therefore, an injury to a "relative right[]," or a right which is related to the personal injury. Accordingly, the two-year limitation period applies regardless of the characterization of malpractice as a contract or tort action.[2]

The motion for summary judgment is, therefore, granted.

It is so ordered.